USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

       Government,

 - against -

MIGUEL ANGEL GARCES GIRALDO,

       Defendant.
-----------------------------------------------------------X

05 Cr. 1001 (RMB)

**ORDER**

## I. Background

On January 29, 2008, Miguel Angel Garces Giraldo ("Defendant"), proceeding before United States Magistrate Judge Debra Freeman, pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (See Transcript of proceedings held Jan. 29, 2008.) On February 11, 2008, this Court accepted Defendant's plea. (See Order, dated Feb. 11, 2008 [# 53].) On April 15, 2008, the Court sentenced Defendant to a term of 41 months of imprisonment, with credit for time served in Colombia while awaiting extradition. (See Judgment and Commitment Order, dated Apr. 15, 2008 [# 81].) Defendant is currently serving his sentence.

In a letter, dated June 24, 2008, Defendant, proceeding pro se, moves for "[i]mmediate [d]eportation and or [r]emoval . . . pursuant to [the] Immigration and Nationality Act [8 U.S.C. § 1231(a)(4)(B)]."[1] (Defendant's Letter to the Hon. Richard M. Berman, dated Jun. 24, 2008 ("Motion") [# 113], at 1.) By memorandum dated July 1, 2008, the Government argues, among other things, that Defendant's motion should be denied because "this Court does

---

[1] Defendant cites to 8 U.S.C. § 1252(h)(2)(A) which has been re-codified as 8 U.S.C. § 1231(a)(4)(B). See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L 104-208, § 305(a), 110 Stat. 3009, (Sept. 30 1996); see also United States v. Munoz-Pulgo, No. 01 Cr. 954, 2003 WL 22047210, at *1 n.1 (S.D.N.Y. Aug. 29, 2003).

1

not have jurisdiction to compel deportation." (Government's Memorandum, dated July 1, 2008 ("Govt.'s Mem.") [# 114], at 3.)

**For the reasons set forth below, Defendant's motion is denied.**

## II. Legal Standard

Under 8 U.S.C. § 1231(a)(4)(D), "[n]o cause or claim may be asserted . . . against any official of the United States . . . to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). "[W]hether or not one is to be deported . . . prior to completing a prison term is a matter solely within the discretion of the Attorney General" and "does not create a private right of action that would allow a party to compel the Attorney General to act." Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997).

Where, as here, a party is proceeding pro se, the Court construes his claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

"[I]t is beyond the Court's jurisdiction to issue an order directing the Attorney General to initiate deportation proceedings with respect to the Defendant," and accordingly, Defendant's motion for immediate deportation is dismissed. United States v. Munoz-Pulgo, No. 01 Cr. 954, 2003 WL 22047210, at *2 (S.D.N.Y. Aug. 29, 2003); see also Cepeda v. Immigration and Naturalization Service, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citations omitted).

## IV. Conclusion

Based on the foregoing, Defendant's motion for immediate deportation [# 113] is denied.

Dated: New York, New York
August 7, 2008

_____
**RICHARD M. BERMAN, U.S.D.J.**

3